UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**SHERYL SOUTH-GILLESPIE**,<br><br>                    Debtor. | Case No.  **11-60071-13** |
| **BANNER BANK**,<br><br>                    Plaintiff.<br><br>-vs-<br><br>**SHERYL SOUTH-GILLESPIE**,<br><br>                    Defendant. | Adv No.  **11-00036** |

MEMORANDUM of DECISION

At Butte in said District this 13ᵗʰ day of July, 2011.

In this Adversary Proceeding, after due notice, the Court held a hearing on July 12, 2011, in Butte on Defendant Sheryl South-Gillespie's Motion to Dismiss Adversary Proceeding filed May 17, 2011.  Plaintiff Banner Bank was represented at the hearing by Harold V. Dye of Missoula, Montana.  Defendant Sheryl South-Gillespie was represented at the hearing by Gregory G. Gould of Helena, Montana.  The Court argument from the attorneys, but neither party presented any witness testimony and no exhibits were offered into evidence.

Plaintiff filed a 15-page complaint against Defendant on April 15, 2011, alleging that Defendant, in her capacity as bookkeeper for Superior Propane, LLC ("Superior"), made

1

negligent misrepresentations to Plaintiff.  Based upon the alleged negligent misrepresentations,

Plaintiff seeks to recover money and/or property and to except amounts owed to Plaintiff from

Defendant's discharge under 11 U.S.C. §§ 523(a)(2) and (a)(4).  Defendant seeks to dismiss

Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6).

BACKGROUND

For purposes of the pending Motion, Defendant agrees that Plaintiff's factual allegations

are accepted as true.  Plaintiff contends that it entered into a secured lending relationship with

Superior in 2005.  Over time Plaintiff's relationship with Superior expanded, and by the

beginning of 2009, the balance outstanding under Superior's line of credit was well over $7

million.  Dean South ("Dean"), Defendant's father, owned a substantial amount of Superior's

equity, and was responsible for managing Superior's day-to-day operational and financial affairs.

As part of Superior's agreement with Plaintiff, Superior was to submit regular reports regarding

Superior's financial health.  These reports came in the form of certified "borrowing base

certificates," which reported the aggregate amount of receivables owed to Superior by its

customers, and the aggregate value of the inventory available to Superior, as of the date of the

certificate.  These values, in turn, established the parameters for application of a "formula" (set

forth in the loan documents) to determine the total amount of secured credit that Plaintiff would

be willing to extend to Superior at any point in time.  If the receivables and inventory identified

in a certificate were overstated, then Plaintiff, in reliance upon the certificate, unknowingly

would extend to Superior more credit than was contemplated by the loan documents, and would

be doing so against less collateral than it was entitled to have available to it under the loan

documents.

2

From 2004 until Superior ceased operations, Defendant, working with her father and other family members, took responsibility for managing Superior's payables and preparing Superior's financial statements.  In this capacity, she managed and maintained Superior's books and records relating to these matters, and prepared the borrowing base certificates for Plaintiff.

The certificates Defendant prepared for Plaintiff routinely contained false information.  Specifically, Superior's receivables and inventory levels were falsely elevated.  In reasonable reliance on these certificates, Plaintiff advanced and Superior unjustly obtained millions of dollars.  Further, Defendant fabricated (or helped fabricate) the identities of vendors which supposedly owed money to Superior (with those receivables then being included in the financial information delivered to Plaintiff), most directly in connection with an entity named Texas Propane Energy Company ("TPEC").

TPEC is a debtor in a chapter 11 proceeding pending in this Court.  *See In re Texas Propane Energy Company*, Case No. 10-61746-11 (Bankr. D. Montana).  Unbeknownst to Plaintiff, Dean owned a substantial equity position in TPEC, and was President of TPEC, during most of the duration of Plaintiff's loan relationship with Superior.  Defendant's uncle, Dennis South, was a senior employee at TPEC with substantial management authority.  Working with Dean and Dennis South, Defendant manipulated the relationship between TPEC and Superior in a way designed to deceive Plaintiff and others about the existence and collectability of receivables TPEC and TPEC affiliates owed to Superior.  In some cases, TPEC's purported affiliates were fictional entities.  Defendant's conduct included delivering specific instructions to at least one TPEC employee as to how that employee should mischaracterize the status of TPEC's and other entities' payables to Superior when Plaintiff representatives called TPEC to

verify them.  The TPEC employee complied with Defendant's instructions and lied to a Plaintiff

representative because the employee justifiably feared retribution from Defendant, Dean, and

Dennis South.

After Plaintiff learned of these facts, it filed claims against the relevant parties, including

Defendant.  Plaintiff claims Defendant intentionally and knowingly included false financial

information in the required borrowing base certificates.  She did so knowing Plaintiff would rely

on the borrowing base certificates, and (1) would extend credit to Superior that Superior was not

entitled to receive, (2) would not demand a reduction in Superior's line of credit balance, and (3)

would not declare a default under Superior's line of credit and attempt to realize upon Superior's

receivables and other collateral.  By so doing, Defendant and her conspiring family members kept

Superior operational and derived direct personal benefits.

Plaintiff further claims Defendant's conduct was part of a larger conspiracy to deceive

and defraud Plaintiff which included, at a minimum, her father, her brother, and her uncle, each

of whom was aware of, and complicit in, delivering the false information to Plaintiff.  Currently,

Superior owes Plaintiff over $4 million.

After Plaintiff filed suit against Defendant, Defendant filed for bankruptcy.  In response,

Plaintiff filed this action to establish that Plaintiff's claim against Defendant -- a claim based

upon her fraudulent conduct -- is not dischargeable.

## APPLICABLE LAW and DISCUSSION

In addressing a Rule 12(b)(6) challenge, the Court accepts all nonconclusory factual

allegations in the complaint as true (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)

and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949-50 (2009)), and construes the pleading

in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9ᵗʰ Cir. 1989). "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1196 (9ᵗʰ Cir. 1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9ᵗʰ Cir. 1996)).  To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570.)  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citations omitted).

Construing all nonconclusory factual allegations as true, the Court finds that Plaintiff's complaint has facial plausibility.  In accordance with this Memorandum of Decision, which includes the Court's findings of fact and conclusions of law, the Court will enter a separate order providing as follows:

IT IS ORDERED that Defendant Sheryl South-Gillespie's Motion to Dismiss Adversary Proceeding filed May 17, 2011, is DENIED; and Defendant shall have until July 27, 2011, to answer the Plaintiff's Complaint.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

5